IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARRYL L. WEBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1118-W-ODS |
| ) | |
| IBEW LOCAL 124 APPRENTICESHIP ) | |
| BOARD MEMBERS, R.F. FISHER ) | |
| ELECTRIC COMPANY, TOM FURMAN ) | |
| and GAVIN SEELY, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS GAVIN SEALY'S AND THOMAS FURMAN'S MOTIONS TO DISMISS

Pending are Defendants Gavin Seeley[1] and Thomas Furman's Motions to Dismiss. Doc. #29, Doc. #31. The Motions are granted.

I. Background

Plaintiff Darryl Weber ("Plaintiff") was a member of the International Brotherhood of Electrical Workers Local 124 Apprenticeship Program ("Apprenticeship Program"). He alleges various entities and individuals associated with the Apprenticeship Program discriminated against him in a variety of ways, and Plaintiff has filed many lawsuits against these various entities and individuals. Here, Plaintiff has sued IBEW Local 124 Apprenticeship & Board Members & Companies, R.F. Fisher Electric Co., Thomas Furman, and Gavin Seeley, alleging he was discriminated against based on his race and his disability. Doc. #27. In his original Complaint, Plaintiff attached a U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights. Doc. #1-2.

---

[1] While Plaintiff spells Mr. Seeley's last name "Sealy," Mr. Seeley's attorneys have spelled his last name "Seeley."

## II. Legal Standard

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Additionally, a court must liberally construe a pro se complaint and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010). However, pro se complaints "still

must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.   Discussion

While Plaintiff's Complaint does not cite a specific statute Defendants allegedly violated, the Court finds his most cognizable claims can be asserted pursuant to Title VII for alleged race discrimination and under the Americans with Disabilities Act ("ADA") for discrimination based on his alleged disabled status. All claims under Title VII and the ADA must be brought against a covered employer. The Eighth Circuit has held individuals are not covered employers under Title VII. *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691 (8th Cir. 1997). Here, Defendants Gavin Seeley and Thomas Furman are individuals and thus are not subject to liability under Title VII.

While the Eighth Circuit has not expressly held whether individual liability exists under the ADA, the definitions of employer under Title VII and the ADA are analogous. Many courts within the Eighth Circuit have determined the Eighth Circuit would not impose individual liability under the ADA. *See*, *e.g. Ebersole v. Novo Nordisk, Inc.*, 2011 WL 6115655, at *1-2 (E.D. Mo. Dec. 8, 2011); *Donnelly v. St. John's Mercy Medical Center*, 2008 WL 2699859, at *1-2 (E.D. Mo. June 30, 2008); *Stevenson v. Best Buy Corp.*, 2005 WL 3434770 at *3 (E.D. Mo. Dec. 14, 2005). Additionally, several Circuits have reached the same conclusion regarding individual liability. *See*, *e.g. Butler v. City of Prairie Village, Kan.*, 172 F. 3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

Accordingly, this Court finds Defendants Gavin Seeley and Thomas Furman as individuals are not subject to liability under the ADA. Because this provides sufficient grounds for the Court to grant Defendants' Motions to Dismiss, the Court need not address the remainder of Defendant Gavin Seeley's arguments in support of his Motion to Dismiss.

### IV.   Conclusion

For the foregoing reasons, Defendants Gavin Seeley's and Thomas Furman's Motions to Dismiss are granted.

IT IS SO ORDERED.

                                                          /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 7, 2015                          UNITED STATES DISTRICT COURT